JASON LAMONT HUNT, by and through his Guardian Ad Litem, DAVID H. HASTY,
Plaintiff v. NORTH CAROLINA DEPARTMENT OF LABOR, Defendant

No. COA96-312

(Filed 4 February 1997)

**1. Appeal and Error § 423 (NCI4th)— brief—failure to designate assignments of error**

Defendant's appeal is subject to dismissal for failure to designate an assignment of error supporting each argument in the brief. N.C. R. App. P. 28(b)(5).

**Am Jur 2d, Appellate Review § 547.**

**2. Appeal and Error § 112 (NCI4th)— denial of motion to dismiss—sovereign immunity—immediate appeal**

**Am Jur 2d, Appellate Review § 164.**

**3. State § 31 (NCI4th)— Tort Claims Act—public duty doctrine inapplicable**

The public duty doctrine is inapplicable in suits brought against State agencies under the Tort Claims Act.

**Am Jur 2d, Municipal, County, School, and State Tort Liability § 137.**

**4. Games, Amusements, and Exhibitions § 6 (NCI4th)— amusement devices—inspection by Department of Labor— breach of duty—negligence action against Department**

A rule promulgated by the Commissioner of Labor pursuant to the Amusement Device Safety Act imposes a duty upon the Department of Labor to inspect amusement devices, including go-carts, to ensure that they comply with its rules and therefore establishes a standard of conduct in protecting people who ride amusement devices. A breach of the duty owed under this rule may give rise to an action for negligence against the Department of Labor. N.C.G.S. § 95-111.4(3), (4) and (7).

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 138-146.**

**5. Games, Amusements, and Exhibitions § 6 (NCI4th)— amusement devices—go-cart—negligent inspection—claim against Department of Labor**

Plaintiff go-cart rider stated a claim against the Department of Labor under the Tort Claims Act where he alleged that he received severe injuries when the seat belt on a go-cart malfunctioned, and that the go-cart had been inspected and approved for operation by an employee of the Department even though the seat belt did not comply with the rules and regulations established by the Department.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 138-146.**

Appeal by defendant from order entered 19 December 1995 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 October 1996.

*MacRae, Perry, Pechmann, Williford & MacRae, by James C. MacRae, Jr., for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General William H. Borden, for defendant-appellant.*

LEWIS, Judge.

The issue in this case is whether the North Carolina Industrial Commission ("Industrial Commission") erred in denying defendant's motion to dismiss.

On 12 August 1994, plaintiff brought this action in the Industrial Commission under the Tort Claims Act, N.C. Gen. Stat. section 143-291 et. seq. Plaintiff alleged that he suffered severe injuries to his abdominal area when the seat belt on a go-cart, previously inspected by an employee of defendant, malfunctioned. Plaintiff further alleged that defendant's employee approved the seat belt for operation, despite the fact that it did not comply with rules and regulations established by defendant.

Defendant moved to dismiss based on lack of subject matter jurisdiction, personal jurisdiction and failure to state a claim. By order filed 22 November 1995, Deputy Commissioner John A. Hedrick denied defendant's motion. The full Commission affirmed and adopted the Deputy Commissioner's order. Defendant appeals.

**[1]** We first note that defendant has failed to designate an assignment of error after each argument. This violation of N.C.R. App. P. 28(b)(5) subjects defendant's appeal to dismissal. *See Hines v. Arnold*, 103 N.C. App. 31, 37-38, 404 S.E.2d 179, 183 (1991). However, in our discretion under N.C.R. App. P. 2, we will consider defendant's appeal. Additionally, we conclude that defendant has only preserved Assignments of Error 3 and 4; the rest are deemed abandoned. *See* N.C.R. App. P. 28(b)(5) (1997).

**[2]** Initially, we must also recognize the general rule that a denial of a motion to dismiss is not immediately appealable. *Hawkins v. State of North Carolina*, 117 N.C. App. 615, 622, 453 S.E.2d 233, 237 (1995). However, since defendant's motion is rooted in sovereign immunity, it constitutes an exception to this rule. *See id.*

Defendant argues that the Industrial Commission erred in denying its motion to dismiss because plaintiff's claim is barred by sovereign immunity. Defendant maintains that since the Tort Claims Act only waives sovereign immunity if a State employee is negligent, a duty must be present before liability is imposed. Since there is no duty to plaintiff in this case, defendant argues, sovereign immunity has not been waived.

**[3]** Defendant maintains that the public duty doctrine bars the imposition of a duty in this instance. Plaintiff, however, argues that the public duty doctrine does not apply to State agencies because the Tort Claims Act nullifies this defense as applied to them.

Under the public duty doctrine, municipalities and their agents owe a duty to the general public, not to individuals. *See Braswell v. Braswell*, 330 N.C. 363, 370, 410 S.E.2d 897, 901 (1991). North Carolina has recognized two narrowly construed exceptions to this doctrine. *Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 404, 442 S.E.2d 75, 78, *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994). The Tort Claims Act empowers the Industrial Commission to "hear claims against the State of North Carolina for personal injuries sustained by any person as a result of the negligence of a State employee while acting within the scope of his employment." *Guthrie v. State Ports Authority*, 307 N.C. 522, 536, 299 S.E.2d 618, 626 (1983). However, the Act imposes a ceiling of $150,000 in damages for injury to any one person. N.C. Gen. Stat. § 143-291(a) (1996). Under the terms of the Act, "negligence is determined by the same rules as those applicable to private parties." *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).

Since the public duty doctrine does not apply in actions between private parties, it necessarily follows that it cannot apply to actions brought under the Tort Claims Act. Accordingly, we hold that the public duty doctrine is inapplicable in suits brought under the Tort Claims Act.

Defendant next argues that there was no duty owed to plaintiff because the applicable statutes and implementing regulations do not impose such a duty. We disagree.

In *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988), this Court recognized that "a standard of conduct may be determined by reference to a statute which imposes upon a person a specific duty for the protection of others so that a violation of the statute is negligence *per se*." *Coleman*, 89 N.C. App. at 195, 366 S.E.2d at 7. The *Coleman* court then described when such a standard of conduct could be found:

> "The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results."

*Id.* at 195-96, 366 S.E.2d at 7 (quoting The Restatement (Second) of Torts, Sec. 286). In *Coleman*, this Court held that N.C. Gen. Stat. section 7A-544 established a "standard of conduct to be exercised by DSS in protecting an abused juvenile" and that a violation of that statute could give rise to a negligence action. *Id.* at 196-97, 366 S.E.2d at 7-8.

In the present matter, both parties agree that the provisions of Article 14B of the North Carolina General Statutes, entitled Amusement Device Safety Act of North Carolina, apply. The intent behind this Article, as stated, is to insure that "amusement devices shall be designed, constructed, assembled or disassembled, maintained, and operated so as to prevent injuries." N.C. Gen. Stat. § 95-111.1(c) (1993). N.C. Gen. Stat. section 95-111.4 empowers the Commissioner of Labor to adopt and enforce rules and regulations

and to make periodic inspections of devices subject to the Article. N.C. Gen. Stat. § 95-111.4(3), (4) and (7) (1993). Rules promulgated by defendant provide that "[a]n inspector *shall* inspect each amusement device" for soundness and compliance with the applicable rules and regulations. N.C. Admin. Code tit. 13, r. 15.0405 (August 1987) (emphasis added). The rules also specify the minimum standards for "go karts," including seat belt requirements. N.C. Admin. Code tit. 13, r. 15.0429 (May 1992).

**[4]** We hold that Rule 15.0405 imposes a duty upon defendant to inspect amusement devices to ensure that they comply with its rules and therefore establishes a standard of conduct in protecting people who ride amusement devices, such as go-carts. This duty to inspect is specific and is unquestionably imposed for the protection of others. The purpose of this rule, which is likewise true for Article 14B and all of the rules passed under its authority, is to protect people who ride amusement devices, like plaintiff, from injuries received while riding unsafe equipment, such as those allegedly sustained by plaintiff. We therefore hold that a breach of the duty owed under this rule may give rise to an action for negligence.

**[5]** Plaintiff alleges that defendant was negligent in its inspection of the seat belt on the go-cart which he was operating while injured. He alleges that the go-cart was approved for operation even though the seat belt did not comply with the rules and regulations contained in Title 13 of the Administrative Code as promulgated by defendant. Since plaintiff alleges a breach of duty by defendant, he has stated a claim upon which relief can be granted.

Accordingly, the Industrial Commission has jurisdiction over this claim and defendant under the State Tort Claims Act and defendant's motions were properly denied.

Affirmed.

Judges WALKER and MARTIN, MARK D. concur.