JAMES W. CLARK, Administrator of the Estate of KATHY CLARK FOGLEMAN, Deceased, Plaintiff v. THE RED BIRD CAB COMPANY (RED BIRD CAB, INC.), a corporation; LEONARD WARNER; THE CITY OF BURLINGTON, a municipal corporation; RICHARD HALL; and RAYMOND SHELTON, Defendants

No. 9215SC1294

(Filed 19 April 1994)

**Municipal Corporations § 450 (NCI4th); Sheriffs, Police, and Other Law Enforcement Officers § 22 (NCI4th)— decedent killed by cab driver—convicted felon with dangerous tendencies— allegedly negligent failure to investigate credentials—defendants protected by public duty doctrine**

Plaintiff's claim against a city, its police chief and a police officer for the death of his daughter who was raped and murdered by a taxicab driver was barred by the public duty doctrine where plaintiff alleged that the taxicab driver had previously been convicted of a felony and was known to have dangerous tendencies, and that defendants were negligent by failing properly to investigate the credentials of the driver when he applied for a permit to operate a taxicab, since plaintiff did not allege any "special relationship" between defendants and decedent or any "special duty" or actual promise of protection made by defendants to decedent which would exempt plaintiff's claim from the public duty doctrine. City code provisions setting out the procedure for issuance of taxicab permits created no special duty owed by police officers

CLARK v. RED BIRD CAB CO.

[114 N.C. App. 400 (1994)]

to taxicab customers over and above the duty owed to the general public.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 184 et seq., 648 et seq.; Sheriffs, Police, and Constables §§ 90-180.**

**Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194.**

Appeal by plaintiff from orders entered 14 September 1992 and 2 October 1992 by Judge Steven D. Michael in Alamance County Superior Court. Heard in the Court of Appeals 28 October 1993.

*Robert S. Cahoon for plaintiff appellant.*

*Michael B. Brough & Associates, by Michael B. Brough and Jan S. Simmons, for the City of Burlington, Richard Hall and Raymond Shelton, defendant appellees.*

COZORT, Judge.

Plaintiff appeals the trial court's dismissal, based on the public duty doctrine, of his complaint against defendants City of Burlington and two police officers. The complaint alleged that defendants were negligent by failing to properly investigate the credentials of an applicant for a permit to operate a taxicab. Plaintiff contends the defendants' negligence was the proximate cause of his daughter's murder by a taxicab driver, who had previously been convicted of a felony and was known to have dangerous tendencies. We affirm, holding that defendants did not owe the decedent a legal duty and that plaintiff's allegations did not fall within an exception to the public duty doctrine.

Plaintiff James W. Clark, administrator of the estate of his daughter, Kathy Clark Fogleman, filed this action on 4 June 1992 against defendants The Red Bird Cab Company (Red Bird Cab); Leonard Warner, the owner of Red Bird Cab; the City of Burlington; Richard Hall (as a police officer employed by the City of Burlington); and Raymond Shelton (as Chief of Police of the City of Burlington). The facts as alleged in plaintiff's complaint are as follows: In August of 1990, Keith Allen Brown applied to the City of Burlington for a permit to operate a taxicab. Mr. Brown had previously been convicted in North Carolina of common law robbery and assault

with a deadly weapon inflicting serious injuries. In addition, Mr. Brown's general reputation was that of being a dangerous individual.

The Burlington City Code establishes certain procedures which must be followed by the Chief of Police when any person applies for a permit to operate a taxicab within the city's corporate limits. Once a person submits an application for a permit to drive a cab, "[t]he chief of police or a member of the police department designated by him is hereby charged with the duty of investigating the facts stated in any application received . . . ." Burlington City Code, Sec. 35-64. Under grounds for refusal, "[t]he chief of police may refuse to grant or renew a taxi driver's permit in case of an application from any person . . . [w]ho has been convicted of a felony[.]" Burlington City Code, Sec. 35-63. If the chief of police concludes the applicant has satisfied other requirements and is not "an habitual violator of traffic laws, or other criminal laws, the chief of police shall issue a permit to the applicant to drive a taxicab." Burlington City Code, Sec. 35-65.

Plaintiff alleges that Chief of Police Raymond Shelton gave Officer Richard Hall the responsibility of investigating Mr. Brown's application for a taxicab permit. Sometime after filing his application, Mr. Brown was issued an operator's permit. On 3 November 1990, Ms. Fogleman telephoned Red Bird Cab to have a taxi take her to a local restaurant. Red Bird Cab dispatched Mr. Brown to Ms. Fogleman's residence. Mr. Brown drove Ms. Fogleman to a rural area where he assaulted, raped, and murdered her. Mr. Brown committed suicide prior to trial on the criminal charges. Defendants admit that Brown killed Ms. Fogleman after being dispatched to her residence.

Defendants City of Burlington, Richard Hall, and Raymond Shelton made a motion to dismiss plaintiff's complaint on 29 July 1992. In an order dated 14 September 1992, the trial court dismissed plaintiff's cause of action as to those defendants for failure to state a claim upon which relief could be granted. A second order, identical to the 14 September order, except for a provision indicating there was "no just reason for delay in the entry of this judgment," was filed 2 October 1992. Plaintiff argues on appeal that his complaint was sufficient to survive the defendants' motion to dismiss.

The appeal in this case is interlocutory, since it fails to "[dispose] of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of*

CLARK v. RED BIRD CAB CO.

[114 N.C. App. 400 (1994)]

*Durham*, 231 N.C. 354, 361-62, 57 S.E.2d 375, 377 (1950). Generally, there is no immediate appeal from an interlocutory order. "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951). Where, however, the interlocutory order deprives the appellant of a substantial right which would be lost if not reviewed prior to final judgment, an appeal will lie. *See* N.C. Gen. Stat. § 1-277 (1983).

This Court has found cases which have presented defenses of governmental or sovereign immunity to be immediately appealable because such orders have affected a substantial right. *See, i.e., Slade v. Vernon*, 110 N.C. App. 422, 429 S.E.2d 744 (1993). The rationale for the exception to the general rule stems from the nature of the immunity defense. "A valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit. Were the case to be erroneously permitted to proceed to trial, immunity would be effectively lost." *Id.* at 425, 429 S.E.2d at 746 (citing *Corum v. Univ. of North Carolina*, 97 N.C. App. 527, 389 S.E.2d 596 (1990), *aff'd in part, rev'd in part on other grounds*, 330 N.C. 761, 413 S.E.2d 276 (1992)). In this case, the defendants have asserted governmental immunity from suit through the public duty doctrine. Plaintiff's appeal is therefore properly before this Court.

On a Rule 12(b)(6) motion to dismiss, "[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The complaint must be liberally construed, and the trial court should not dismiss the complaint unless plaintiff has not set forth facts to support a claim which would entitle him or her to relief. *Dixon v. Stuart*, 85 N.C. App. 338, 354 S.E.2d 757 (1987). Even construed liberally, however, plaintiff's complaint falls short of setting forth facts entitling him to relief.

In tort, there will be no liability unless the law imposes a duty. *Paschall v. N.C. Dep't of Correction*, 88 N.C. App. 520, 364 S.E.2d 144 (1988). Actionable negligence is based on the failure to exercise proper care in the performance of a legal duty which

an individual owes to another under the circumstances surrounding them. *Mattingly v. R.R.*, 253 N.C. 746, 117 S.E.2d 844 (1961). The breach of duty may be a negligent act or a negligent failure to act. *Williams v. Kirkman*, 246 N.C. 510, 98 S.E.2d 922 (1957).

This case is governed by the "public duty doctrine," or the general common law rule that "a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals." *Braswell v. Braswell*, 330 N.C. 363, 370, 410 S.E.2d 897, 901, *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1991) (citing *Coleman v. Cooper*, 89 N.C. App. 188, 193, 366 S.E.2d 2, 6, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988)). In adopting the public duty doctrine in *Braswell*, our Supreme Court recognized the limited resources of law enforcement personnel and refused to judicially impose liability for their failure to prevent every criminal act. However, the Court also noted:

> While this policy is a necessary and reasonable limit on liability, exceptions exist to prevent inevitable inequities to certain individuals. There are two generally recognized exceptions to the public duty doctrine: (1) where there is a special relationship between the injured party and the police, for example, a state's witness or informant who has aided law enforcement officers; and (2) "when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." *Coleman v. Cooper*, 89 N.C. App. at 194, 366 S.E.2d at 6 . . . .

*Id.* at 371, 410 S.E.2d at 902.

Our courts have applied the two exceptions to the public duty doctrine very narrowly in this State. For example, in *Prevette v. Forsyth County*, 110 N.C. App. 754, 431 S.E.2d 216 (1993), this Court declined to find that animal control officers created a "special relationship" with the intestate. The Court held a special relationship was not established merely because the animal control officers patrolled the neighborhood where the intestate was attacked and killed by two dogs known to have dangerous tendencies. In *Hull v. Oldham*, 104 N.C. App. 29, 407 S.E.2d 611, *disc. review denied*, 330 N.C. 441, 412 S.E.2d 72 (1991), this Court refused to apply the "special duty" exception where the plaintiffs' complaints did

CLARK v. RED BIRD CAB CO.

[114 N.C. App. 400 (1994)]

not allege that a sheriff and his deputies promised to protect the victims of a sniper and there was no allegation that defendants assumed any greater duty to the victims than that owed to the general public.

In this case, plaintiff does not allege the existence of any "special relationship" between defendants and decedent which would exempt plaintiff's case from the public duty doctrine under the first exception. As for the "special duty" exception, "plaintiff must show that an actual promise was made by the police to create a special duty, that this promise was reasonably relied upon by plaintiff, and that this reliance was causally related to the injury ultimately suffered by plaintiff." *Braswell v. Braswell*, 330 N.C. at 371, 410 S.E.2d at 902. "[T]he 'special duty' exception to the general rule against liability of law enforcement officers for criminal acts of others is a very narrow one; it should be applied only when the promise, reliance, and causation are manifestly present." *Id.* at 372, 410 S.E.2d at 902. Here, plaintiff has not alleged facts which indicate the City of Burlington made an overt promise to protect Ms. Fogleman, giving rise to a special duty owed to her by Chief Shelton or Officer Hall. As such, plaintiff's complaint fails to properly allege the special duty exception articulated in *Braswell*. Plaintiff attempts to meet the special duty exception by arguing that the city code provisions setting out the procedure for issuance of taxicab permits create a special duty of care. Plaintiff cites *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988), to support his proposition that a special duty of protection to an individual can arise by statute, the breach of which could form the basis of a negligence suit. Although this Court determined that N.C. Gen. Stat. § 7A-517, *et seq.*, created a special duty owed to individuals in *Coleman*, we conclude the present case is distinguishable from *Coleman*. In *Coleman*, this Court found that N.C. Gen. Stat. § 7A-517, *et seq.*, which deals with the treatment of juveniles who had been found to be abused or neglected, created a special duty owed to the juveniles by the Wake County Department of Social Services and a Department of Social Services employee. The Court held the statutes created a special duty for those defendants to protect a specific class of individuals — abused children. The *Coleman* Court nonetheless rejected an argument advocating a special duty of protection as it related to law enforcement personnel, and affirmed summary judgment in favor of defendants the City of Raleigh and the Raleigh Police Department.

CLARK v. RED BIRD CAB CO.

[114 N.C. App. 400 (1994)]

Here, a review of the applicable city code provisions reveals no specific identification of a particular class of persons being singled out for protection by the city. We find no language creating a special duty which the police officers would owe to taxicab customers over and above the duty owed to the general public. Consequently, because plaintiff is unable to demonstrate a duty owed to Ms. Fogleman by the defendants, the trial court did not err in dismissing plaintiff's claim.

Finally, plaintiff argues that because his complaint alleges that defendants' conduct was "grossly negligent" as well as "wilful" and "wanton," the complaint is somehow removed from the shield of the public duty doctrine. Plaintiff's argument is without merit. The public duty doctrine previously has barred claims of gross negligence. *See, e.g., Hull,* 104 N.C. App. 29, 407 S.E.2d 611; *Lynch v. N.C. Dep't of Justice,* 93 N.C. App. 57, 376 S.E.2d 247 (1989). Only where the conduct complained of rises to the level of an intentional tort does the public duty doctrine cease to apply. We have examined plaintiff's complaint and find no difference between the allegations used to support negligence, gross negligence, and the actions plaintiff describes as "wanton," "wilful," and "reckless." As long as the claim is negligence, even couched in terms of "gross," "wanton," or "wilful," the public duty doctrine supports the dismissal of the complaint based on the failure to state a claim. Accordingly, the trial court's dismissal of plaintiff's cause of action is

Affirmed.

Judges EAGLES and ORR concur.