MAX W. SIMMONS AND WIFE, CANDACE L. SIMMONS, PLAINTIFFS v. CITY OF HICKORY; GARY B. McGEE; TOM CARR; GENE DAYTON FRYE; ROBERT "BOB" HUFFMAN; WARD LANEY; AND CHARLES EDWARD HICKS, DEFENDANTS

No. COA96-1277

(Filed 15 July 1997)

1. **Municipal Corporations § 450 (NCI4th)— negligence by building inspectors—claim barred by public duty doctrine**

   The public duty doctrine barred plaintiff homeowners' claim against a city and its building inspectors for alleged negligence in inspecting a home built within the city's extraterritorial jurisdiction because the city's undertaking of the responsibility of issuing building permits and conducting building inspections outside its municipal limits was insufficient to create a "special relationship" exception to the public duty doctrine.

   **Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 827.**

2. **Municipal Corporations § 450 (NCI4th)— testimony by building inspectors—not intentional tort—claim barred by public duty doctrine**

   Testimony by city building inspectors in plaintiff homeowners' action against a builder that they did not find any building

SIMMONS v. CITY OF HICKORY

[126 N.C. App. 821 (1997)]

code violations in their inspections of plaintiff's home during construction did not rise to the level of an intentional tort even if code violations and other defects existed in plaintiffs' home; therefore, plaintiffs' claim against the city and its building inspectors for intentional infliction of emotional distress based on this testimony was barred by the public duty doctrine.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 827.**

Appeal by plaintiffs from judgment entered 6 June 1996 by Judge Ronald E. Bogle in Catawba County Superior Court. Heard in the Court of Appeals 21 May 1997.

*C. Gary Triggs, P.A., by C. Gary Triggs, for plaintiffs-appellants.*

*Tate, Young, Morphis, Bach & Taylor, L.L.P., by T. Dean Amos, for defendants-appellants.*

WALKER, Judge.

Plaintiffs filed a complaint against defendants on 28 January 1992, alleging negligence, breach of applicable building codes, unfair and deceptive trade practices and intentional infliction of emotional distress. On 12 February 1993, the trial court granted defendants' motion to dismiss the cause of action alleging unfair and deceptive trade practice. Plaintiffs then took a voluntary dismissal without prejudice on 23 November 1993. Plaintiffs again filed this complaint on 18 November 1994, alleging the same causes of action. Defendants moved for dismissal and for summary judgment, both of which were granted. The trial court noted in its judgment that plaintiffs agreed that Count III, (unfair and deceptive trade practices) was inadvertently included in the complaint as this cause of action had been dismissed by the trial court prior to plaintiffs' taking a voluntary dismissal.

Plaintiffs' causes of action stemmed from the construction and inspection of their residence located in Catawba County in the extraterritorial jurisdiction of the City of Hickory (the City). The City, in the exercise of this extraterritorial jurisdiction, required a building permit and inspection of plaintiffs' residence.

Plaintiffs hired James Roy Hall, d/b/a Roy Hall Construction Company (Hall) to build their residence. Plaintiffs and Hall were

subsequently involved in litigation over building defects and payment under the construction contract. In the present action, plaintiffs assert that defendants failed to detect certain building code violations in Hall's construction of their residence and as a result should be responsible to plaintiffs for damages.

The trial court granted defendants' motion to dismiss all claims based on the public duty doctrine. Further, the court granted summary judgment for defendants based on the governmental immunity doctrine and statute of limitations.

[1] We will first examine the applicability of the public duty doctrine as a bar against plaintiffs' claims against the City and its agents. On a motion to dismiss, the standard of review is "whether as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. . . ." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).

Under the public duty doctrine as adopted by our Supreme Court, a municipality and its agents ordinarily act for the benefit of the general public and not for a specified individual when exercising its statutory police powers, and therefore, cannot be held liable for a failure to carry out its statutory duties to an individual. The public duty doctrine has been applied to a variety of statutory governmental duties, specifically including city building inspections. *See Sinning v. Clark*, 119 N.C. 515, 459 S.E.2d 71, *disc. review denied*, 342 N.C. 194, 463 S.E.2d 242 (1995); *Lynn v. Overlook Development*, 98 N.C. App. 75, 389 S.E.2d 609 (1990), *aff'd in part, rev'd in part*, 328 N.C. 689, 403 S.E.2d 469 (1991); *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992).

Our courts recognize two general exceptions to the public duty doctrine. *Sinning*, 119 N.C. App. at 519, 459 S.E.2d at 73-74. The first exception applies when a "special relationship" exists between the municipality and the victim, i.e. informant or State's witness. The second exception exists when " 'the municipality . . . creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injuries suffered.' " *Id. (quoting Braswell v. Braswell*, 330 N.C. 363, 371, 410 S.E.2d 897, 902 (1991)).

The instant case is factually similar to *Sinning v. Clark*, 119 N.C. App. 515, 459 S.E.2d 71 (1995). In *Sinning*, the plaintiffs contracted with a building contractor to build their residence in New Bern. *Id.* at

516, 459 S.E.2d at 72. During construction, a City building inspector inspected the residence for building code violations and issued a temporary certificate of occupancy allowing plaintiffs to move in subject to the contractor doing some finishing work. After moving in, the plaintiffs discovered several major structural defects. *Id.*

In their complaint, plaintiffs asserted claims for negligence, gross negligence and negligent infliction of emotional distress against the City of New Bern and two of its employees in their official capacities. Defendants moved to dismiss under Rule 12 (b)(6) and this motion was granted. In addressing the plaintiffs' negligence claim, this Court first noted that "[t]he City of New Bern cannot be held liable for simple negligence unless the individual defendants or either of them, in their official capacities, were negligent." *Id.* at 518, 459 S.E.2d at 73. After examining the public duty doctrine to determine whether a duty existed, our Court ruled that the duties imposed upon a municipality and its building inspector by our State's statutes and building code fall within a municipality's police powers and thus are duties owed to the general public rather than to individuals. *Id.* The Court also determined that "no special relationship, as contemplated by *Braswell*, existed between plaintiffs and defendants." In support of this determination, the Court reasoned:

> A showing that a municipality has undertaken to perform its duties to enforce such statutes is not sufficient, by itself, to show the creation of a special relationship with particular individual citizens. If such a relationship was [sic] found to exist in an instance such as this, a municipality would become a virtual guarantor of the construction of every building subject to its inspection, exposing it to an overwhelming burden of liability for failure to detect every code violation or defect.

*Id.* at 519-20, 459 S.E.2d at 74. Therefore, the Court found that the trial court properly granted defendants' motion to dismiss as defendants could not be liable for negligence if plaintiffs were owed no duty.

In the instant case, plaintiffs argue that because the City had undertaken the responsibility of issuing building permits and conducting building inspections outside its municipal limits, it had created a "special relationship" with plaintiffs and others who live in this extraterritorial district. Plaintiffs further argue that this "special relationship" takes their claims for negligence outside the purview of the public duty doctrine and creates a duty on the part of the defendants. We disagree.

In *Moseley v. L & L Construction, Inc.*, 123 N.C. App. 79, 472 S.E.2d 172 (1996), Burke County was performing inspection duties for the City of Valdese. This Court, in determining whether a "special relationship" existed as a result of this arrangement, noted that N.C. Gen. Stat. § 153A-353 and N.C. Gen. Stat. § 160A-413 allow cities and counties to contract with one another to maintain joint inspection departments and as such, the positions of city building inspector and county building inspector are virtually interchangeable. Consequently, no such "special relationship" is created by this fact alone. *Id.* at 84, 472 S.E.2d at 175. Thus, plaintiffs' contention of the existence of a "special relationship" between plaintiffs and the City, because the City is exercising its extraterritorial jurisdiction, is rejected. Plaintiffs have failed to allege facts to establish either exception to the public duty doctrine so as to allow their claim for negligence to go forward and the trial court properly dismissed plaintiffs' claim for negligence.

[2] Plaintiffs additionally contend that defendants Frye and Hicks, as building inspectors, engaged in conduct sufficient to constitute intentional infliction of emotional distress. Specifically, the complaint alleges that Frye and Hicks testified, in plaintiffs' action against Hall, that as a result of their inspections, they found no code violations nor defects, when in fact numerous code violations and defects did exist in plaintiffs' residence. Plaintiffs further alleged that this testimony was not true and played a significant role in the jury's determination in that action resulting in an unfavorable verdict for plaintiffs when the defendants knew or should have known that their testimony would cause emotional distress to the plaintiffs.

In *Sinning*, this Court quoted *Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 406, 442 S.E.2d 75, 79, *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994), in stating: "Only where the conduct complained of rises to the level of an intentional tort does the public duty doctrine cease to. apply." The *Clark* court further determined that where the same factual allegations are used to support both allegations of negligent conduct and conduct described as "wanton," "wilful," and "reckless," the public duty doctrine supports a dismissal of the complaint. *Clark*, 114 N.C. App. at 406, 442 S.E.2d at 79.

Although the plaintiffs in this case allege a claim for intentional infliction of emotional distress, upon close examination, we conclude that plaintiffs are alleging substantially the same conduct used to support the claim of negligence against the defendants. Defendants

PETERKIN v. COLUMBUS COUNTY BD. OF EDUC.

[126 N.C. App. 826 (1997)]

Frye and Hicks allegedly testified that they did not find any building code violations in their inspection of the plaintiffs' residence. This testimony would be consistent with the actual findings reported by the defendants as a result of their inspection of the residence. We have already determined that defendants cannot be held liable under the public duty doctrine for their failure to discover code violations and other defects. As such, we conclude that defendants' testimony concerning their inspections does not rise to the level of an intentional tort and the trial court did not err in dismissing this claim.

As we find the trial court properly dismissed all claims on the basis of the public duty doctrine, we need not consider the issues of governmental immunity and statute of limitations.

Affirmed.

Judges GREENE and JOHN concur.