NATHENIA LITTLE, MATTIE BROADWAY, AND SARAH RANKIN, PLAINTIFFS v. E.S. ATKINSON, JEFFREY CLARK, PHIL FIRRANTELLO, AND CITY OF GASTONIA, DEFENDANTS

No. COA99-52

(Filed 18 January 2000)

1. **Cities and Towns— public duty doctrine—police officers— special duty exception inapplicable**

    The trial court did not err in concluding the "special duty" exception does not preclude application of the public duty doctrine to plaintiffs' claims for infliction of emotional distress and gross negligence against the City of Gastonia and three of its police officers because: (1) plaintiffs' allegations do not indicate a promise that any kind of protection would be afforded plaintiffs; and (2) plaintiffs neither alleged that they relied to their detriment on any statements made by the officers, nor that there was a causal relationship between any such reliance and their injuries.

2. **Cities and Towns— public duty doctrine—police officers— gross negligence claims barred—no allegation of intentional tort**

The trial court did not err in granting defendants' 12(b)(6) motion to dismiss plaintiffs' civil action alleging infliction of emotional distress and gross negligence against the City of Gastonia and three of its police officers based on the public duty doctrine because: (1) the doctrine bars claims of gross negligence; (2) the conduct complained of in this case does not rise to the level of an intentional tort that would allow the infliction of an emotional distress claim to survive; and (3) plaintiffs have used identical conduct on the part of defendants to support both their claims, and thus, have failed to allege any type of calculated conduct which would establish the element of intent in a claim for intentional infliction of emotional distress.

Appeal by plaintiffs from order entered 3 November 1998 by Judge James L. Baker, Jr. in Gaston County Superior Court. Heard in the Court of Appeals 20 October 1999.

*F. William Powers for the plaintiff-appellants.*

*Frank B. Aycock, III for the defendant-appellees.*

LEWIS, Judge.

Plaintiffs brought this civil action on 5 June 1998, alleging "infliction of emotional distress" and "gross negligence" claims against the City of Gastonia and three of its employees, officers of the Gastonia Police Department. On 3 November 1998, the trial court granted defendants' 12(b)(6) motion to dismiss all claims based on the public duty doctrine. As such, our review must determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).

Mildred "Della" Tyson mysteriously disappeared in July 1996. Plaintiff Nathenia Little is the daughter of Ms. Tyson, and plaintiffs Mattie Broadway and Sarah Rankin are the sisters of Ms. Tyson. Plaintiffs allege that after viewing television reports regarding the discovery of human remains in Crowder Mountain Park in Gastonia, North Carolina, they contacted the Gastonia Police Department. Officers Jeffrey Clark and Phil Firrantello informed plaintiffs that

they had positively identified the human remains to be those of Ms. Tyson. Officer E.S. Atkinson advised Ms. Rankin that "[w]e checked the whole area within one-hundred square feet of where [Ms. Tyson] was found," that "[w]e turned over every leaf, one by one," and that "[w]e used a metal detector and really went over it with a fine[-]toothed comb." Plaintiffs requested permission from Officer Atkinson to enter the area where the remains were found to plant flowers. Officer Atkinson further advised plaintiffs that the police department would mark the place where the body was found with tape. He stated he checked the area the day before, just to be sure it was clear.

On 27 March 1997, plaintiffs visited the site where Ms. Tyson's remains were discovered and found within the crime scene area the remains of human hair and scalp, a "pony tail," a glass bead headdress and ten isolated bones. Plaintiffs collected the remains and gave them to Officer Atkinson; he returned them to plaintiffs stating, "We're not even sure if these are human bones or her bones." Plaintiffs alleged that they believed the remains to be human and belonging to Ms. Tyson.

The public duty doctrine becomes an issue when the allegations of the complaint involve the exercise of defendants' police powers as a municipality. *Vanasek v. Duke Power Co.*, 132 N.C. App. 335, 337, 511 S.E.2d 41, 45, *cert. denied*, 350 N.C. 851, —— S.E.2d —— (1999). The doctrine is a common law rule which provides that a municipality and its agents ordinarily act for the benefit of the general public when exercising police powers, and thus, there is no liability for failure to furnish police protection to specific individuals. *Sinning v. Clark*, 119 N.C. App. 515, 518, 459 S.E.2d 71, 73 (1995). This policy acknowledges the limited resources of law enforcement and works against judicial imposition of an overwhelming burden of liability. *Braswell v. Braswell*, 330 N.C. 363, 370-71, 410 S.E.2d 897, 901 (1991). The doctrine ceases to apply, however, when the conduct alleged rises to the level of intentional tort. *Clark v. Red Bird Cab* Co., 114 N.C. App. 400, 406, 442 S.E.2d 75, 79, *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994).

The public duty doctrine is not a protective cape against any governmental liability. Two generally recognized exceptions to the doctrine exist: first, where a special relationship exists between the injured party and the police, and second, " 'when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forthcoming, and the

individual's reliance on the promise of protection is causally related to the injury suffered.' " *Braswell*, 330 N.C. at 371, 410 S.E.2d at 902 (quoting *Coleman v. Cooper*, 89 N.C. App. 188, 194, 366 S.E.2d 2, 6, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 275 (1988)). These exceptions are to be narrowly applied. *Sinning*, 119 N.C. App. at 519, 459 S.E.2d at 74.

[1] Plaintiffs argue that the "special duty" exception precludes application of the public duty doctrine to the claims alleged here. The "special duty" exception to the public duty doctrine "is a very narrow one; it should be applied only when the promise, reliance, and causation are manifestly present." *Braswell*, 330 N.C. at 372, 410 S.E.2d at 902. To make· out a prima facie case under the "special duty" exception, "the complaint must allege an 'overt promise' of protection by defendant, detrimental reliance on the promise, and a causal relation between the injury and the reliance." *Lovelace v. City of Shelby*, 133 N.C. App. 408, 412-13, 515 S.E.2d 722, 725 (1999) (citing *Derwort v. Polk County*, 129 N.C. App. 789, 793-94, 501 S.E.2d 379, 382 (1998)).

Plaintiffs have not alleged any set of facts which, even if taken as true, establish a special duty owed to plaintiffs by defendants. Plaintiffs' complaint alleged that Officer Atkinson "advised" plaintiffs that the police did the following: "checked the whole area within one-hundred square feet of where [Ms. Tyson] was found," "turned over every leaf, one by one," "used a metal detector and really went over it with a fine toothed comb" and checked the area the day before, "just to be sure the area [was] clear." In our opinion, these allegations do not indicate a promise that any kind of protection would be afforded plaintiffs, let alone the requisite "overt" promise of protection to establish a special duty. Further, plaintiffs neither alleged that they relied to their detriment on any statements made by the officers, nor that there was a causal relation between any such reliance and their injuries. Because plaintiffs have failed to make out a prima facie case, the special duty exception cannot be a basis for liability in this case. *Cf. Davis v. Messer*, 119 N.C. App. 44, 56, 457 S.E.2d 902, 910 (holding the following allegations stated a claim for relief under the special duty exception: "the Town . . . promised it would provide fire-fighting assistance and protection; the promised protection never arrived; and plaintiffs relied upon the promise to respond to the fire as their exclusive source of aid, resulting in the complete destruction of their home"), *disc. rev. denied*, 341 N.C. 647, 462 S.E.2d 508 (1995).

Plaintiffs do not assert that their case falls within the "special relationship" exception and we will not address it.

**[2]** Having determined that neither exception applies in this case, we must next determine which of plaintiffs' claims the public duty doctrine precludes. Plaintiffs have alleged two claims: infliction of emotional distress and gross negligence. It is clear that the doctrine bars claims of gross negligence, *Clark*, 114 N.C. App. at 406, 442 S.E.2d at 79, thus, plaintiffs' second claim for gross negligence was properly dismissed. Plaintiffs contend, however, that their claim for "infliction of emotional distress" stated a claim for an intentional tort, and should survive application of the public duty doctrine. As noted above, conduct rising to the level of an intentional tort survives application of the public duty doctrine. *Clark*, 114 N.C. App. at 406, 442 S.E.2d at 79. We conclude, however, that the conduct complained of here does not rise to the level of an intentional tort, and plaintiffs' claim for infliction of emotional distress was properly dismissed.

"[W]here the same factual allegations are used to support both allegations of negligent conduct and conduct described as 'wanton,' 'wilful,' and 'reckless,' the public duty doctrine supports a dismissal of the complaint." *Simmons v. City of Hickory*, 126 N.C. App. 821, 825, 487 S.E.2d 583, 586 (1997) (quoting *Clark*, 114 N.C. App. at 406, 442, 825 S.E.2d at 79). In *Simmons*, this Court held that the public duty doctrine barred a claim for intentional infliction of emotional distress where, to support that claim, plaintiffs alleged substantially the same conduct used to support the claim of negligence against defendants. *Id.* at 825-26, 487 S.E.2d at 587. Likewise, plaintiffs here have used identical conduct on the part of defendants to support both their claim of gross negligence and their claim for infliction of emotional distress. In doing so, plaintiffs have failed to allege any type of calculated conduct on the part of defendants directed at the plaintiffs which would establish the element of intent in a claim for intentional infliction of emotional distress. *Von Hagel v. Blue Cross and Blue Shield*, 91 N.C. App. 58, 63, 370 S.E.2d 695, 700 (1988). We therefore conclude the conduct alleged by plaintiffs to support their claim for infliction of emotional distress does not rise to the level of an intentional tort, and consequently, the public duty doctrine bars this claim as well. Accordingly, the trial court properly dismissed all of plaintiffs' claims on the basis of the public duty doctrine.

Affirmed.

Judges JOHN and McGEE concur.