CARL JEFFREY LANE, Plaintiff v. CITY OF KINSTON and
STEPHEN L. THOMPSON, Defendants

No. COA00-265

(Filed 3 April 2001)

**Cities and Towns— public duty doctrine—protection of individuals with substance abuse problems—no special relationship exception—no special duty exception**

The trial court did not err in a negligence case by dismissing plaintiff's complaint against defendant city and defendant police officer based on failure to state a claim upon which relief may be granted even though plaintiff maintains that N.C.G.S. §§ 122C-2 and 122C-301 operate outside the public duty doctrine and impose an affirmative duty on the city and its agents to assist individuals with substance abuse problems, because: (1) a special relationship was not created by the officer's alleged failure to act where the officer knew or should have known plaintiff would be exposed to an unusually high risk if care was not taken; (2) a special duty did not arise from the officer's alleged promise to call a taxi cab for the inebriated plaintiff since it was merely gratuitous and not sufficient to constitute an actual promise of safety; (3) N.C.G.S. § 122C-301 is not an exception to the public duty doctrine when it does not place an affirmative duty on a police officer to transport an intoxicated individual or to call for hired transportation; and (4) N.C.G.S. §§ 122C-301 and 122C-2 are not exceptions to the public duty doctrine since neither expressly authorizes a private right of action for the breach of its terms.

Appeal by plaintiff from order entered 10 November 1999 by Judge Donald Jacobs in Lenoir County Superior Court. Heard in the Court of Appeals 22 February 2001.

*Jeffrey S. Miller, for plaintiff-appellant.*

*Sumrell, Sugg, Carmichael, Hicks & Hart, P.A., by Scott C. Hart, for defendants-appellees.*

LANE v. CITY OF KINSTON

[142 N.C. App. 622 (2001)]

TYSON, Judge.

Plaintiff, Carl Jeffrey Lane ("Lane"), appeals the trial court's order dismissing his complaint against defendants City of Kinston ("City") and Stephen L. Thompson ("Thompson") for failure to state a claim upon which relief may be granted. We affirm the trial court's dismissal of Lane's action for the reasons stated below.

On 13 September 1999, Lane filed a complaint seeking damages for defendants' negligence. Lane filed an amended complaint on 28 September 1999. The amended complaint alleged, in relevant part, that lane was walking southward on Queen Street in Kinston, North Carolina, in the early morning of 27 July 1997. Lane was walking toward the home of his brother, Mark Lane, from a house a few miles away. The complaint alleged that Lane was "intoxicated." Lane stopped to rest temporarily on a bench in front of the Lenoir County Library.

The complaint alleged that Thompson, a City police officer, drove up to Lane in a marked City police car at approximately 12:49 a.m., as Lane sat on the bench. The complaint stated that Thompson observed Lane's "inebriation." The complaint alleged that Lane "asked defendant Thompson to give him a ride to his brother's residence, located approximately three to four miles away, which Thompson refused to do." The complaint further alleged that Lane requested that Thompson call a taxi-cab to come and transport Lane home. Thompson did not call a cab, and drove away instead. In the alternative, Lane's complaint alleged that Thompson agreed to call a taxi-cab at Lane's request, but that Thompson did not wait to ensure Lane's safety.

Lane's complaint further alleged that, after Thompson left, Lane again began to walk in a southward direction on Queen Street toward Mark Lane's home. It stated that, during the walk, Lane "was accosted by several individuals who robbed him, beat him, and threw him over the side of a bridge causing a fall of approximately twenty-five feet." Lane alleged that, as a result of defendants' negligence in failing to assist him, he incurred permanent injuries, and medical expenses in excess of $122,000.00.

The complaint alleged that Thompson, an agent of the City, was negligent in (1) failing to assist an intoxicated individual under G.S. § 122C-301; (2) failing to assist Lane when Lane's condition of peril was or should have been obvious; (3) refusing to call a taxi-cab to

transport Lane; and (4) refusing to aid a person in obvious peril who requested assistance, and thus had a "special relationship" with Thompson.

On 19 October 1999, defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), N.C. R. Civ. P. The trial court entered an order dismissing Lane's complaint on 10 November 1999. Lane appeals.

---

The sole issue on appeal is whether the trial court erred in dismissing Lane's complaint for failure to state a claim upon which relief may be granted. Lane argues that the complaint states a claim for relief based on Chapter 122C of the North Carolina General Statutes. Lane maintains that G.S. § 122C-2 and 122C-301 operate outside the general public duty doctrine and "impose an affirmative duty" on the City and its agents "to assist individuals with substance abuse problems."

In reviewing the grant of a 12(b)(6) motion to dismiss, we assess the legal sufficiency of the complaint, taking all factual allegations as true. *Peacock v. Shinn*, 139 N.C. App. 487, 492, 533 S.E.2d 842, 846, *disc. review denied*, 353 N.C. 267, —— S.E.2d —— (2000) (citation omitted). "A complaint cannot withstand a motion to dismiss where an insurmountable bar to recovery appears on its face." *Id.* (citation omitted). " 'Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim.' " *Id.* (quoting *Al-Hourani v. Ashley*, 126 N.C. App. 519, 521, 485 S.E.2d 887, 889 (1997)).

## A. Public Duty Doctrine

The public duty doctrine arises when allegations of a complaint involve the exercise of the defendants' police powers as a municipality. *Little v. Atkinson*, 136 N.C. App. 430, 432, 524 S.E.2d 378, *disc. review denied*, 351 N.C. 474, —— S.E.2d —— (2000) (citation omitted). Our Supreme Court adopted the public duty doctrine in *Braswell v. Braswell*, 330 N.C. 363, 371, 410 S.E.2d 897, 902 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992). The Court defined the doctrine as follows:

The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish

police protection to specific individuals. This rule recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act.

*Id.* at 370-71, 410 S.E.2d at 901 (citing *Coleman v. Cooper*, 89 N.C. App. 188, 193, 366 S.E.2d 2, 6, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988)) (emphasis supplied).

In adopting the doctrine, the Supreme Court noted two general exceptions to the rule: "(1) where there is a special relationship between the injured party and the police" and "(2) 'when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered.' " *Id.* at 371, 410 S.E.2d at 902 (quoting *Coleman*, 89 N.C. App. at 194, 366 S.E.2d at 6).

The first exception, the "special relationship" exception, "must be specifically alleged, and is not created merely by a showing that the state undertook to perform certain duties." *Frazier v. Murray*, 135 N.C. App. 43, 50, 519 S.E.2d 525, 530 (1999), *appeal dismissed*, 351 N.C. 354, —— S.E.2d —— (2000) (citation omitted). "A 'special relationship' depends on 'representations or conduct by the police which cause the victim(s) to detrimentally rely on the police such that the risk of harm as the result of police negligence is something more than that to which the victim was already exposed.' " *Vanasek v. Duke Power Co.*, 132 N.C. App. 335, 338, 511 S.E.2d 41, 44, *cert. denied*, 350 N.C. 851, 539 S.E.2d 13 (1999) (quoting *Hull v. Oldham*, 104 N.C. App. 29, 38, 407 S.E.2d 611, 616, *disc. review denied*, 330 N.C. 441, 412 S.E.2d 72 (1991)).

Lane's complaint alleges that a special relationship was created between Lane and Thompson because Thompson "refused to aid a person in obvious peril who requested the aid of a police officer." This allegation does not sufficiently allege an exception to the public duty doctrine based on a "special relationship." This Court held that this State does not recognize an exception to the public duty doctrine for failure to act where an officer " 'knew or should have known the plaintiff . . . would be exposed to an unusually high risk if care was not taken. . . .' " *Vanasek* at 339, 511 S.E.2d at 45.

The second exception to the public duty doctrine, the "special duty" exception, " 'is a very narrow one; it should be applied only

when the promise, reliance, and causation are manifestly present.' " *Little*, 136 N.C. App. at 433, 524 S.E.2d at 380 (quoting *Braswell*, 330 N.C. at 372, 410 S.E.2d at 902). In order for a plaintiff to state a prima facie case under this exception, " 'the complaint must allege an 'overt promise' of protection by defendant, detrimental reliance on the promise, and a causal relation between the injury and the reliance.' " *Id.* (citing *Lovelace v. City of Shelby*, 133 N.C. App. 408, 412-13, 515 S.E.2d 722, 725 (1999)); *see also, Braswell* at 372, 410 S.E.2d at 902.

In *Braswell*, the plaintiff argued that he could recover for the defendants' negligence under the "special duty" exception to the public duty doctrine. *Braswell*, 330 N.C. at 371, 410 S.E.2d at 902. The evidence tended to show that the plaintiff's mother was killed by the plaintiff's father, Billy. *Id.* at 372, 410 S.E.2d at 902. The victim had expressed to the defendant-officer that she felt as though she may be in danger of being harmed by Billy. *Id.* The defendant-officer told the victim "that Billy would not harm [her] and that his men would be keeping an eye on her." *Id.* at 371-72, 410 S.E.2d at 902. The officer further promised that "[she] would get to and from work safely." The victim was shot by Billy while driving to her attorney's office. *Id.* at 372, 410 S.E.2d at 902.

The defendants argued that the officer's statements, if made, were "general words of comfort and assurance, commonly offered by law enforcement officers in situations involving domestic problems, and that such promises were merely gratuitous and hence not sufficient to constitute an actual promise of safety." *Id.* at 371-72, 410 S.E.2d at 902. Our Supreme Court agreed, noting that, although the officer had offered assurances that the victim would be safe, "there is absolutely no evidence tending to indicate that he expressly or impliedly promised her protection at any time other than when she was driving to and from work." *Id.* at 372, 410 S.E.2d at 902. The Court further stated that, because the victim was driving to her attorney's office when killed, "even if there were a promise to provide protection while traveling to and from work, [the victim's] alleged reliance on [the officer's] promise cannot in any way be considered to have caused her death." *Id.*

Here, Lane's complaint alleges, in the alternative, that Thompson promised to call a taxi-cab for Lane, but then "having recognized that Lane was inebriated and in a position of peril abandoned him and failed and refused to aid [Lane] in any way whatsoever." This allegation is insufficient to state a claim under the "special duty" exception.

Thompson's alleged promise to call a taxi-cab was "merely gratuitous and hence not sufficient to constitute an actual promise of safety." *Braswell* at 372, 410 S.E.2d at 902.

The complaint does not allege that Thompson promised to stay with Lane until a taxi-cab arrived; that Thompson promised that a taxi-cab would, in fact, arrive; or that Thompson promised to ensure Lane's safety on his way home. The complaint, taken as true, fails to show that Thompson ever promised to ensure Lane's safety on 27 July 1997. In short, Lane's complaint fails to "allege an 'overt promise' of protection by defendant, detrimental reliance on the promise, and a causal relation between the injury and the reliance.' " *Little*, 136 N.C. App. at 433, 524 S.E.2d at 380. Lane's complaint fails to state a claim for relief under either exception to the public duty doctrine.

### B. Statutory Exceptions

Lane maintains that G.S. § 122C-301 imposes an affirmative duty on defendants beyond the public duty doctrine. Lane argues that the statute affirmatively required that Thompson assist Lane, upon observing Lane's intoxicated condition. G.S. § 122C-301 provides, in relevant part:

(a) An officer may assist an individual found intoxicated in a public place by taking any of the following actions: (1) The officer may direct or transport the intoxicated individual home; (2) The officer may direct or transport the intoxicated individual to the residence of another individual willing to accept him . . .

N.C. Gen. Stat. § 122C-301(a) (1999). Lane also relies on G.S. § 122C-2 in support of his argument that defendants were under an affirmative obligation to assist Lane beyond the general application of the public duty doctrine:

The policy of the State is to assist individuals with mental illness, developmental disabilities, and substance abuse problems in ways consistent with the dignity, rights, and responsibilities of all North Carolina citizens. Within available resources it is the obligation of State and local government to provide services to eliminate, reduce, or prevent the disabling effects of mental illness, developmental disabilities, and substance abuse. . . .

N.C. Gen. Stat. § 122C-2 (1999).

Lane's reliance on these statutes is misplaced. Although instructive, the statutes do not place an affirmative obligation on a police

officer to transport an intoxicated individual, or to call for hired transportation. G.S. § 122C-301 clearly states that an "officer may assist an individual found intoxicated in a public place by taking any of the following actions." Black's Law Dictionary defines "may" as "permitted to," and states "[t]his is the primary legal sense—usually termed the 'permissive' or 'discretionary' sense." Black's Law Dictionary 993 (7th ed. 1999). This language does not impose an affirmative duty. The language of G.S. § 122C-2 simply explains the policy of this State with respect to substance abusers.

Moreover, in the context of the public duty doctrine, our Supreme Court has held that, unless a statute prescribes a private right of action for its breach, the statute will not be interpreted as an exception to the general public duty doctrine:

> [W]e do not believe the legislature, in establishing the Occupational Safety and Health Division of the Department of Labor in 1973, intended to impose a duty upon this agency to each individual worker in North Carolina. Nowhere in chapter 95 of our General Statutes does the legislature authorize a private, individual right of action against the State to assure compliance with OSHANC standards. Rather, the most the legislature intended was that the Division prescribe safety standards and secure some reasonable compliance through spot-check inspections made "as often as practicable." N.C. Gen. Stat. § 95-4(5) (1996).

*Stone v. North Carolina Dep't of Labor*, 347 N.C. 473, 482, 495 S.E.2d 711, 716, *reh'g denied*, —— N.C. ——, 502 S.E.2d 836, *cert. denied*, 119 S. Ct. 540, 142 L. Ed.2d 449 (1998) (emphasis supplied). "Our caselaw generally holds that a statute allows for a private cause of action only where the legislature has expressly provided a private cause of action within the statute." *Vanesek*, 132 N.C. App. at 339, 511 S.E.2d at 44.

Neither G.S. § 122C-301 nor G.S. § 122C-2 expressly authorizes a private right of action for the breach of its terms. Therefore, consistent with the court's decision in *Stone*, we do not interpret either statute as being outside the general application of the public duty doctrine.

The allegations of Lane's complaint fail to show that defendants' actions fall outside the public duty doctrine. Taking all factual allegations in the complaint as true, we hold that the face of Lane's com-

plaint reveals a bar to Lane's recovery. The trial court properly dismissed Lane's complaint pursuant to Rule 12(b)(6). *See Peacock,* 139 N.C. App. at 492, 533 S.E.2d at 846.

Affirmed.

Judges MARTIN and TIMMONS-GOODSON concur.