SAMANTHA C. MOSES, Administratrix of the Estate of CHARLES WAYNE MOSES, Plaintiff v. RODNEY EDWARD YOUNG, Individually and in his Capacity as Law Enforcement Officer for the Town of Cramerton, North Carolina; The TOWN OF CRAMERTON, NORTH CAROLINA, by and through acting City Manager, DAVID YOUNG, Defendants

No. COA01-140

(Filed 2 April 2002)

1. **Appeal and Error— appealability—partial summary judgment—public duty doctrine—substantial right**

    Although an appeal from partial summary judgment is typically an appeal from an interlocutory order, appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review, and defendants in this case have asserted governmental immunity from liability based on the public duty doctrine.

2. **Cities and Towns; Police Officers— wrongful death suit—public duty doctrine**

    The trial court did not err by granting partial summary judgment to plaintiff based on its conclusion that the public duty doctrine did not shield defendant police officer and defendant town from a wrongful death suit brought by plaintiff based on an incident where the officer's vehicle collided with decedent's motorcycle while the officer was pursuing arrest of a lawbreaker, because: (1) the public duty doctrine has operated to shield a defendant from acts where defendant's actions proximately or indirectly result in injury rather than for a defendant whose acts directly cause injury or death; (2) this claim originated from allegations that the officer's collision with decedent's motorcycle directly caused decedent's death, rather than defendant's failure to furnish police protection or failure to prevent a criminal act or any other act of negligence proximately resulting in injury; (3) there are no cases in North Carolina applying the public duty doctrine to claims brought against police officers involving vehicular accidents in which the police officer is directly involved; and (4) although the officer's actions were accidental in nature and do not implicate an allocation of resources by the town, the town has purchased liability insurance for just such an incident.

Appeal by defendants from partial summary judgment entered 18 October 2000 and amended partial summary judgment entered 1 November 2000 by Judge Marcus L. Johnson in Gaston County Superior Court. Heard in the Court of Appeals 28 November 2001.

*Templeton & Raynor, P.A., by Kenneth R. Raynor, and Harkey, Lambeth, Nystrom, Fiorella & Morrison, L.L.P., by Averill C. Harkey, for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Hatcher Kincheloe and Paul C. Lawrence, and Parker, Poe, Adams & Bernstein, L.L.P., by William L. Brown, for defendant appellants.*

TIMMONS-GOODSON, Judge.

Cramerton Police Officer Rodney Edward Young ("Officer Young") and the Town of Cramerton ("Cramerton") (collectively, "defendants") appeal from the trial court's grant of partial summary judgment concluding that the public duty doctrine does not shield defendants from a wrongful death suit brought by Samantha Moses ("plaintiff") as administratrix of her deceased husband's estate. In her complaint, plaintiff alleged that the Town of Cramerton, through its police officer, Officer Young, had caused the death of her husband, Charles Wayne Moses ("Moses"), when Officer Young's vehicle collided with a motorcycle driven by Moses. The accident occurred when Moses attempted to pass Officer Young's vehicle in a no-passing zone. As Moses drove his motorcycle in the left-hand lane, Officer Young also entered the left-hand lane in order to pursue a second motorcyclist who had passed him in the no-passing zone at a high rate of speed. The two vehicles collided, and Moses was thrown from his motorcycle, thereby sustaining serious injury. Moses died from his injuries shortly thereafter.

Plaintiff filed suit against defendants, asserting damages based on allegations of negligence, willful and wanton conduct, gross negligence, and constitutional violations by defendants. In their Answer to plaintiff's complaint, defendants asserted that the public duty doctrine barred recovery by plaintiff. Plaintiff thereafter filed a motion for partial summary judgment, which was heard by the trial court on 9 October 2000. Upon arguments by the parties, the trial court concluded that the public duty doctrine was inapplicable to the facts presented by the instant case and granted plaintiff's motion. On 1 November 2000, the trial court entered an amended

order re-affirming the grant of partial summary judgment and concluding that its decision affected a substantial right of defendants and that there was no just reason for delay in appeal.

Defendants now appeal from the trial court's granting of partial summary judgment.

_____

The sole issue on appeal is whether defendants may assert the public duty doctrine as an affirmative defense to plaintiff's claims. For the reasons stated herein, we conclude that the public duty doctrine is inapplicable to the facts presented in the instant case, and we therefore affirm the trial court's grant of partial summary judgment to plaintiff.

[1] We note initially that this case is interlocutory, as it fails to "dispose[] of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). While as a general rule this Court does not review interlocutory orders, we have consistently held that "appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999). In this case, defendants have asserted governmental immunity from liability based upon the public duty doctrine. We may therefore review defendants' appeal. *See Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 402-03, 442 S.E.2d 75, 77 (holding that an interlocutory order based on the public duty doctrine implicates a substantial right), *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994).

[2] In *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), our Supreme Court for the first time adopted the common law public duty doctrine, stating:

> The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals. This rule recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act.

*Id.* at 370-71, 410 S.E.2d at 901 (citation omitted). In *Braswell*, the plaintiff was the son and administrator of the estate of a woman

killed by her estranged husband. The plaintiff filed suit against the county sheriff, alleging that the sheriff had negligently failed to protect plaintiff's mother from foreseeable harm. The Supreme Court rejected plaintiff's arguments, concluding that the public duty doctrine shielded the sheriff from liability. The Court noted that the public duty doctrine is subject to two exceptions, namely:

> (1) where there is a special relationship between the injured party and the police . . . ; and (2) 'when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered.'

*Id.* at 371, 410 S.E.2d at 902 (quoting *Coleman v. Cooper*, 89 N.C. App. 188, 194, 366 S.E.2d 2, 6, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988)). Concluding that neither exception applied to the plaintiff's case, the Court affirmed directed verdict in favor of the defendant.

The public duty doctrine applies to "law enforcement departments when they are exercising their general duty to protect the public." *Lovelace v. City of Shelby*, 351 N.C. 458, 461, 526 S.E.2d 652, 654 (2000). Defendants argue that Officer Young was exercising his general duty to protect the public at the time of the accident by pursuing arrest of a lawbreaker who was endangering the motoring public, and that therefore the public duty doctrine operates to bar plaintiff's claims. We do not agree.

The public duty doctrine is simply inapplicable to the facts presented by the instant case. An exhaustive review of the public duty doctrine as applied in North Carolina reveals no case in which the public duty doctrine has operated to shield a defendant from acts directly causing injury or death. Rather, the application of the public duty doctrine in this State has been confined to cases where the defendant's actions proximately or indirectly result in injury. *See, e.g.*, *Wood v. Guilford County*, 355 N.C. 161 558 S.E.2d 490 (2002) (holding that the public duty doctrine barred the plaintiff's claims against the county for failing to provide adequate security at the courthouse where the plaintiff was attacked by a third party); *Stone v. N.C. Dept. of Labor*, 347 N.C. 473, 482-83, 495 S.E.2d 711, 717 (holding that the public duty doctrine barred the plaintiffs' negligence claims against the North Carolina Department of Labor for its failure to adequately inspect a chicken plant where workers subsequently

died in a fire), *cert. denied*, 525 U.S. 1016, 142 L. Ed. 2d 449 (1998); *Little v. Atkinson*, 136 N.C. App. 430, 433-34, 524 S.E.2d 378, 381 (holding that the public duty doctrine barred claims against city and its police officers who failed to adequately inspect a crime scene before allowing relatives of the victim to visit the site), *disc. review denied*, 351 N.C. 474, 543 S.E.2d 492 (2000); *Vanasek v. Duke Power Co.*, 132 N.C. App. 335, 340-41, 511 S.E.2d 41, 45 (holding that the public duty doctrine barred claims against city and its police officers who failed to warn the public of broken power lines that caused decedent's death), *cert. denied*, 350 N.C. 851, 539 S.E.2d 13 (1999); *Simmons v. City of Hickory*, 126 N.C. App. 821, 823-25, 487 S.E.2d 583, 586 (1997) (holding that the public duty doctrine applied to bar claim against city for negligently inspecting homes and issuing building permits); *Humphries v. N.C. Dept. of Correction*, 124 N.C. App. 545, 547-48, 479 S.E.2d 27, 28 (1996) (holding that the doctrine barred claim against the Department of Correction for alleged negligence in the supervision of a probationer), *disc. review improvidently allowed*, 346 N.C. 269, 485 S.E.2d 293 (1997); *Tise v. Yates Construction Co.*, 122 N.C. App. 582, 588-89, 471 S.E.2d 102, 107 (1996) (holding that the public duty doctrine shielded city from liability for its failure to inform construction company of potential tampering of construction equipment by trespassers where decedent died after construction equipment crushed him); *Davis v. Messer*, 119 N.C. App. 44, 55-56, 457 S.E.2d 902, 909 (holding that the public duty doctrine applied to a claim against a fire chief, a fire department, a town, and a county for negligence in their failure to complete their effort to extinguish a fire in plaintiff's home), *disc. review denied*, 341 N.C. 647, 462 S.E.2d 508 (1995); *Sinning v. Clark*, 119 N.C. App. 515, 518-20, 459 S.E.2d 71, 73-74 (holding that the public duty doctrine applied to bar a claim against a municipality, the city building inspector, and the city code administrator for gross negligence in an inspection of a home), *disc. review denied*, 342 N.C. 194, 463 S.E.2d 242 (1995); *Clark*, 114 N.C. App. at 406, 442 S.E.2d at 78 (holding that the public duty doctrine protected municipality and police officers who negligently issued a taxicab permit to a driver who subsequently murdered a customer); *Prevette v. Forsyth County*, 110 N.C. App. 754, 758, 431 S.E.2d 216, 218 (holding that the public duty doctrine barred wrongful death claim against county and against director and employee of the county animal control shelter for failing to protect plaintiff from dogs which defendants knew were dangerous), *disc. review denied*, 334 N.C. 622, 435 S.E.2d 338 (1993).

In the instant case, plaintiff has alleged injury directly resulting from Officer Young's actions. Thus, this case does not concern defendants' "failure to furnish police protection" or "failure to prevent [a] criminal act" or any other act of negligence proximately resulting in injury. *Braswell*, 330 N.C. at 370-71, 410 S.E.2d at 901. Rather, the claim originates from allegations that Officer Young's collision with decedent's motorcycle directly caused decedent's death.

Vehicular accidents involving law enforcement officers are not new to this State. *See, e.g., Young v. Woodall*, 343 N.C. 459, 471 S.E.2d 357 (1996); *Goddard v. Williams*, 251 N.C. 128, 110 S.E.2d 820 (1959), overruled, 343 N.C. 459, 471 S.E.2d 357 (1996). In *Young*, the defendant police officer was involved in an accident with the plaintiff while pursuing a suspect. Our Supreme Court did not address or apply any type of governmental immunity to the police officer's actions, although both the amicus curiae and the defendant's briefs urged such application. Defendants have not furnished, nor have we discovered, any cases applying the public duty doctrine to claims brought against police officers involving vehicular accidents in which the police officer is directly involved. If we adopted the position advanced by defendants, the public duty doctrine would operate as a blanket defense to bar all claims based on acts of negligence by police officers. Such a blanket defense, however, would not be consistent with the purpose of the public duty doctrine, which is to " 'shield[] the state and its political subdivisions from tort liability arising out of discretionary governmental actions.' " *Stone*, 347 N.C. at 482, 495 S.E.2d at 716 (quoting *DeFusco v. Todesca Forte, Inc.*, 683 A.2d 363, 365 (R.I. 1996)). This is because

> "[t]he amount of protection that may be provided is limited by the resources of the community and by a considered legislative-executive decision as to how those resources may be deployed. For the courts to proclaim a new and general duty of protection in the law of tort, even to those who may be the particular seekers of protection based on specific hazards, could and would inevitably determine how the limited police resources . . . should be allocated and without predictable limits."

*Braswell*, 330 N.C. at 371, 410 S.E.2d at 901 (quoting *Riss v. City of New York*, 22 N.Y.2d 579, 581-82, 240 N.E.2d 860, 860-61 (1968)).

Officer Young's act of steering his vehicle into an occupied lane is not the type of "discretionary governmental action" shielded by the

public duty doctrine. Clearly, Officer Young did not deliberately collide with decedent's vehicle after actively weighing the safety interests of the public. Rather, Officer Young's actions were accidental in nature and do not implicate an allocation of resources by the Town of Cramerton. As such, plaintiff's claim does not raise the specter of "overwhelming liability" for defendants or otherwise encourage future lawsuits; indeed, the city has purchased liability insurance for just such an incident.

Our review is strictly limited to whether the public duty doctrine applies to the facts presented by the instant case. We hold that it does not. The trial court therefore properly granted partial summary judgment to plaintiff on this issue.

Affirmed.

Judges HUDSON and TYSON concur.