*********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Chief Deputy Commissioner, assignments of error and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of the Chief Deputy Commissioner.
 *********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed an Affidavit on February 12, 2004, alleging that a Richmond County Magistrate, Charles G. Payne, negligently charged him with felony breaking and entering when the proper charge was not more than a misdemeanor breaking and entering. Plaintiff was ultimately convicted of the charge and as a result of that conviction was also convicted of being a *Page 2 
habitual felon. Plaintiff subsequently filed a complaint against the Magistrate with the Richmond County Clerk of Court pursuant to N.C. Gen. Stat. § 7A-173(b). Plaintiff ultimately contended that the Richmond County Clerk of Court was negligent in not properly presenting his complaint against the Magistrate to the Chief District Court Judge.
2. On April 3, 2004, defendant filed a Motion requesting an extension of time in which to file an Answer.
3. Plaintiff filed a Motion and Affidavit for Entry of Default on April 16, 2004.
4. The Industrial Commission entered an Order granting defendant the extension of time in which to file an Answer up to and including April 27, 2004.
5. On April 27, 2004, defendant filed a Motion to Dismiss, stating a number of independent grounds pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure.
 *********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. North Carolina Gen. Stat. § 143-291(a) confers jurisdiction on the Industrial Commission to hear tort claims founded in negligence against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. StateUniversity, 321 N.C. 706, 709, 3654 S.E.2d 898, 900 (1988).
2. On April 27, 2004, defendant filed responsive pleadings within the time prescribed by Order of the Industrial Commission. N.C. Gen. Stat. § 1A-1; Rules 6 and 12 of the North Carolina Rules of Civil Procedure. *Page 3 
3. A Motion to Dismiss founded in Rule 12(b) of the North Carolina Rules of Civil Procedure tests the legal sufficiency of plaintiff's Affidavit, treating all factual allegations as true. N.C. Gen. Stat. § 1A-1, Rule 12(b) of the North Carolina Rules of Civil Procedure;Lane v. City of Kinston, 142 N.C. App. 622, 544 S.E.2d 810 (2000).
4. Plaintiff's State Tort Claim against the North Carolina Administrative Office of the Courts should be dismissed as it appears upon the facts of plaintiff's Affidavit that he has failed to state a claim on which relief may be granted. Plaintiff has attempted to allege acts of negligence against a Deputy Clerk of Court of Richmond County who is not an agent or employee of the North Carolina Administrative Office of the Courts. N.C. Gen. Stat. § 7A-343.
5. Assuming that plaintiff had properly filed this State Tort Claim against the Clerk of Court of Richmond County, the action must be dismissed. The Clerk of Court, or any Assistant or Deputy Clerk acting within the authority granted to a Clerk of Court, merely accepts the filing of a complaint against a Magistrate. It is the duty of the Chief District Court Judge to examine and act upon any complaint that is filed. N.C. Gen. Stat. § 7A-173(b). Plaintiff's pleadings establish that the Clerk of Court accepted the filing of his complaint against the Magistrate as required by law. Plaintiff's complaint, if any, lies against the respective Chief District Court Judge. It is well established that "[a] judge of a court of this State is not subject to civil action for errors committed in the discharge of his official duties." Fuquay Springs v. Rowland, 239 N.C. 299, 300, 79 S.E.2d 774,776 (1954).
 *********
Based upon the foregoing findings of fact and the conclusions of law, the Full Commission enters the following:
 ORDER *Page 4 
1. Plaintiff's Motion for Entry of Default is denied.
2. Plaintiff's civil action filed pursuant tot the State Tort Claims Act against defendant is dismissed with prejudice.
3. No costs are taxed as plaintiff was permitted to file this State Tort Claim in forma pauperis.
This the __ day of June 2007.
 S/_______________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_______________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER *Page 1