**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**



**FILED**

MAY 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DWIGHT RATCLIFF,

        Plaintiff - Appellee,

v.

CITY OF RED LODGE, DEPARTMENT
OF POLICE, a Political Subdivision of the
State of Montana,

        Defendant,

  And

AL STUBER, a Red Lodge Police Officer,

        Defendant - Appellant.

No. 14-35121

D.C. No. 1:12 cv-0079 DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted May 6, 2016
Portland, Oregon

Before:    TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Officer Al Stuber appeals from the district court's denial of his motion for summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Officer Stuber responded to a call from dispatch reporting a confrontation on Highway 308 near Red Lodge, Montana, between a motorist and two motorcyclists. Officer Stuber proceeded to the gas station to which one of the motorcyclists had pulled in. When Officer Stuber arrived, he saw Ratcliff in a full-face helmet, dismounting his motorcycle. Ratcliff walked towards Officer Stuber, who gave three separate commands to "stay right there." Officer Stuber then ordered Ratcliff to "back off" three times and pointed his taser at him. Upon seeing the taser, Ratcliff stepped backwards a few paces. Officer Stuber ordered Ratcliff to turn around and place his hand on his head. Ratcliff turned around and removed his helmet. At that point, Officer Stuber forced Ratcliff to bend over the motorcycle seat and handcuffed Ratcliff's hands behind him.

Officer Stuber then interviewed Ratcliff and three sets of eyewitnesses about the highway incident. While Ratcliff was detained, Officer Danielle Barnes, who had arrived to assist Stuber, adjusted Ratcliff's handcuffs several times upon his request, including moving his cuffed hands to Ratcliff's front. Officer Barnes also led Ratcliff to sit in the back of the patrol car. Concluding that Ratcliff had not

initiated the altercation or acted violently, Officer Stuber released him after approximately 25 minutes. According to Ratcliff, the handcuffs caused his wrists to bleed, and he had pain in his neck and arms, prompting him to visit the emergency room later that day.

Ratcliff sued the City of Red Lodge and Officer Stuber, under 42 U.S.C. § 1983, for excessive force and an unreasonable *Terry* stop.[1] Officer Stuber moved for summary judgment based on qualified immunity on both claims. The district court denied the motion. Officer Stuber appeals.

We review de novo a denial of qualified immunity. *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010). "Where disputed issues of material fact exist, we assume the version of the material facts asserted by the non-moving party." *Id.* "All reasonable inferences must also be drawn in favor of the non-moving party." *Id.*

A claim of qualified immunity is analyzed under a two-prong test. First, the court must determine whether "the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, the court considers "whether the right was clearly established . . . in light

---

[1] *See Terry v. Ohio*, 392 U.S. 1 (1968).

of the specific context of the case." *Id.* If either prong is not met, the officer is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

**1.** We analyze a claim that a police officer used excessive force during an investigatory stop under the Fourth Amendment's "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). To determine whether an officer's use of force was reasonable, courts must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (citation omitted).

Here, even viewing the facts in the light most favorable to Ratcliff, Officer Stuber's actions were objectively reasonable under the circumstances. Officer Stuber was justified in his belief that Ratcliff presented a safety threat. Dispatch reported that a physical altercation on the highway had just occurred and that the motorcyclists attempted to "hit [the complainant's] vehicle – and get inside." Upon encountering Ratcliff, whom he reasonably suspected to be the aggressor, Officer Stuber gave multiple orders for Ratcliff to "stay right there." Ratcliff failed to comply with these orders and instead walked towards the officer. Under these circumstances, it was reasonable for Officer Stuber to believe that Ratcliff presented a safety threat, draw and point his taser, and handcuff Ratcliff.

Thereafter, Officer Stuber diligently conducted his investigation and concluded that Ratcliff had not acted violently in the altercation. Although Ratcliff remained handcuffed throughout the 25-minute investigation, Officer Barnes adjusted the handcuffs several times and moved the handcuffs from behind his back to in front of is body, mitigating the severity of the intrusion on Ratcliff's person.

On balance, we conclude that no reasonable factfinder could find that Officer Stuber's limited use of force was excessive. Thus, the district court erred in denying summary judgment to Officer Stuber on this claim.

**2.** Detention pursuant to a *Terry* stop "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983). "The critical inquiry is whether the officers 'diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.'" *United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996) (citation omitted). We consider whether, in conducting his investigation, the officer used "threats of force, unnecessary delays, exaggerated displays of authority or other coercive tactics." *Liberal v. Estrada*, 632 F.3d 1064, 1080–81 (9th Cir. 2011) (quoting *Torrez-Sanchez*, 83 F.3d at 1129).

5

Here, Officer Stuber questioned Ratcliff about the highway incident immediately after handcuffing him. Officer Stuber then interviewed three sets of witnesses before deciding to release Ratcliff. At no point during his 25-minute investigation did Officer Stuber unnecessarily delay Ratcliff's release. Nor did Officer Stuber use threats, force, or any other coercive tactics. Because no reasonable jury could find that Officer Stuber exceeded the permissible scope of the *Terry* stop, the district court erred in denying qualified immunity on this claim.

· ● ·

On the record in this case, the district court erred in denying Officer Stuber's motion for summary judgment. On remand the district court is directed to enter summary judgment for Officer Stuber based on his claim of qualified immunity.

**REVERSED and REMANDED.**