**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT D. BASSETT, <br> *Plaintiff-Appellant*, <br><br> v. <br><br> PAUL LAMANTIA; CITY OF BILLINGS, <br> *Defendants-Appellees.* | No. 15-35045 <br><br> D.C. No. <br> 1:13-cv-00091-SEH <br><br><br> ORDER |

Filed May 24, 2017

Before: Alex Kozinski and William A. Fletcher, Circuit Judges, and Frederic Block,[*] Senior District Judge.

---

[*] The Honorable Frederic Block, United States Senior District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Montana Law

On appeal from the district court's summary judgment in an action in which plaintiff alleged he was injured by a City of Billings police officer, the panel certified the following question to the Montana Supreme Court:

> Whether, under Montana law, the public duty doctrine shields a law enforcement officer from liability for negligence where the officer is the direct and sole cause of the harm suffered by the plaintiff?

## ORDER

Pursuant to Rule 15 of the Montana Rules of Appellate Procedure, we certify to the Montana Supreme Court the question of law set forth in Part II of this order. The answer to this question may be determinative of a case pending before this court, and there is no controlling precedent in the decisions of the Montana Supreme Court.

### I.  The Parties

Plaintiff-appellant Robert D. Bassett, will be the appellant before the Montana Supreme Court. Defendants-appellees Paul Lamantia and City of Billings will be the respondents.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The names and addresses of counsel for the parties are as follows:

R. Russell Plath, Russ Plath Law, LLC, 2601 Minnesota Avenue P.O. Box 1337, Billings, Montana 59103, for appellant.

Brendon J. Rohan, Poore, Roth & Robinson, P.C., 1341 Harrison Avenue, Butte, Montana 59701, for respondent Paul Lamantia.

Harlan B. Krogh and Eric Edward Nord, Crist, Krogh, Butler & Nord, LLC, 2708 1st Avenue North, Suite 300, Billings, Montana 59101, for respondent City of Billings.

## II.  Question of Law

The question of law to be answered is:

> Whether, under Montana law, the public duty doctrine shields a law enforcement officer from liability for negligence where the officer is the direct and sole cause of the harm suffered by the plaintiff?

The Montana Supreme Court may rephrase the question as it deems necessary.

## III.    Background

Around 12:30 a.m., Officer Paul Lamantia and his partner were dispatched to respond to a call about a neighborhood disturbance.  Upon arriving at the scene, Lamantia observed a male suspect running into a driveway.  The suspect jumped

over a retaining wall and entered the backyard of the adjacent property, which was owned by Bassett. Lamantia identified himself as a police officer and ordered the suspect to stop. When the suspect continued running, Lamantia followed on foot and jumped over the retaining wall between the two properties. In the process, Lamantia dropped his flashlight.

Meanwhile, Bassett had come out of his house to investigate the commotion. While searching for his flashlight, Lamantia heard footsteps behind him and turned around to see Bassett approaching. Thinking that Bassett might be a threat to his safety, Lamantia tackled Bassett to the ground. As soon as he realized that Bassett wasn't a threat, Lamantia released him.

Bassett then indicated to Lamantia the direction in which the suspect had run and Lamantia continued his pursuit. Later that morning, Lamantia returned to Bassett's residence to check on him. Bassett declined an ambulance or medical help at that time, but a few hours later called the police department to report that he sustained an injury from his encounter with Lamantia. Bassett was then diagnosed with a torn rotator cuff.

Almost a year later, Bassett sued Lamantia and the City of Billings under 42 U.S.C. § 1983 and also alleged a state law claim of negligence against Lamantia for failing to exercise reasonable care in performing his duties. The original complaint was filed in state court, but defendants removed the case to federal court. The district court entered summary judgment in favor of the defendants on both claims. As to the negligence claim, the district court found that the public duty doctrine shielded the defendants from liability:

> I do not find that there was a special relationship existing between the plaintiff and the city. And I find, and rule, that the public duty doctrine does apply, and that the application of that public duty doctrine shields both defendants from any claims based upon negligence.

Bassett is appealing the dismissal of his negligence claim.

## IV.    Discussion

Under Montana law, "[t]he public duty doctrine provides that a governmental entity cannot be held liable for an individual plaintiff's injury resulting from a governmental officer's breach of a duty owed to the general public rather than to the individual plaintiff." *Gatlin-Johnson* v. *City of Miles City*, 367 Mont. 414, 418 (2012) (internal quotation marks and citation omitted). The Montana Supreme Court has explained that the public duty doctrine doesn't "always appl[y] whenever a public entity or person is a defendant in a negligence case." *Id.* at 419. Bassett urges us to recognize an exception to the public duty doctrine where a law enforcement officer is the sole cause of a plaintiff's injury.

Montana courts have been silent on this matter. The cases that have addressed the public duty doctrine in the law enforcement context involved situations where a law enforcement agent failed to protect the plaintiff from harm caused by a third party. *See, e.g.*, *Gonzales* v. *City of Bozeman*, 352 Mont. 145, 150–51 (2009) (holding that the public duty doctrine applied where a third party who was later arrested by law enforcement injured the plaintiff); *Nelson* v. *Driscoll*, 295 Mont. 363, 368, 370–71 (1999) (analyzing the

public duty doctrine where the plaintiff was killed by a drunk driver).

The Montana Supreme Court's most recent attempt at clarifying the public duty doctrine in *Kent* v. *City of Columbia Falls*, 379 Mont. 190 (2015), doesn't answer the question presented in this appeal. In *Kent*, the plaintiff died as a result of a skateboarding injury. *Id.* at 191. His wife sued the City of Columbia Falls as well as other entities responsible for the construction of the paved path upon which the deceased had skated. *Id.* The Montana Supreme Court considered whether the public duty doctrine shielded the City from liability for negligence, and concluded that it did not. *Id.* at 191, 206. *Kent* explained that, in determining whether the public duty doctrine applies, courts "should first determine whether a governmental defendant has a specific duty to a plaintiff arising from 'generally applicable principles of law' that would support a tort claim." *Id.* at 201. "If a private person would be liable to the plaintiff for the acts that were committed by the government, then the governmental entity would similarly be liable," and the public duty doctrine would not apply. *Id.*

The dissent criticized the majority in *Kent* for "suggest[ing] a new exception to the public duty doctrine where the government engages in affirmative acts that give rise to the dangerous circumstances causing a plaintiff's injury." *Id.* at 214 (Baker, J., dissenting). While the *Kent* majority might have "suggest[ed]" such an exception, it never expressly adopted it.

Other courts have been clearer. The Maryland Court of Appeals "recognize[d] [that] the public duty doctrine does not apply if law enforcement is not engaged in protecting the

public from an injurious force caused by a member of the public, but rather is itself the alleged injurious force." *Jones* v. *State*, 425 Md. 1, 25 (2012). And the North Carolina Court of Appeals found "no case in which the public duty doctrine has operated to shield a defendant from acts directly causing injury or death." *Moses* v. *Young*, 149 N.C. App. 613, 616 (2002). District courts, including those in the District of Montana, have also held that "the [public duty] doctrine does not apply when a law enforcement officer is the sole alleged cause of the plaintiff's injury." *Ratcliff* v. *City of Red Lodge, Dep't of Police*, No. CV 12-79-BLG-DWM-JCL, 2014 WL 526695, at *6 (D. Mont. Feb. 7, 2014), *rev'd on other grounds by* 650 F. App'x 484 (9th Cir. 2016) (unpublished); *see also Liser* v. *Smith*, 254 F. Supp. 2d 89, 102 (D.D.C. 2003) (holding that the public duty doctrine "is wholly inapposite . . . where the alleged harm was brought about directly by the officers themselves, and where there is no allegation of a failure to protect" (citation omitted)).

## V. Conclusion

It appears to us that there is no controlling precedent of the Montana Supreme Court with regard to the issue of Montana law raised by this case. We thus request the Montana Supreme Court accept and decide the certified question. Mont. R. App. P. 15(3).

The clerk of this court shall forward a copy of this order, under official seal, to the Montana Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court.

**VI.    Stay of Proceedings and Withdrawal of Submission**

In light of our decision to certify the issue set forth above, the submission of this appeal is withdrawn, and all further proceedings in this case before our court are stayed pending final action by the Supreme Court of Montana, save for any petition for rehearing regarding this order.  The Clerk is directed to administratively close this docket, pending further order.  The parties shall notify the Clerk of this court within fourteen days of the Supreme Court of Montana's acceptance or rejection of certification, and again, if certification is accepted, within fourteen days of the Supreme Court of Montana's issuance of a decision.

**QUESTION   CERTIFIED;   PROCEEDINGS STAYED.**

Respectfully submitted, Alex Kozinski and William A. Fletcher, Circuit Judges, and Frederic Block, United States Senior District Judge for the Eastern District of New York, sitting by designation.