

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DWIGHT RATCLIFF,

          Plaintiff-Appellant,

v.

CITY OF RED LODGE, DEPARTMENT
OF POLICE, a Political Subdivision of the
State of Montana; AL STUBER, a Red
Lodge Police Officer,

          Defendants-Appellees.

No.   16-35941

D.C .No. 1:12-cv-00079- SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 2, 2017[**]

Before:    TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

This case is before us for the second time. Last year, we reversed the district

court's denial of Officer Al Stuber's motion for summary judgment, holding that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Officer Stuber was entitled to qualified immunity against Dwight Ratcliff's 42 U.S.C. § 1983 claims for excessive force and a purportedly unreasonable *Terry* stop.[1]  *Ratcliff v. City of Red Lodge, Dep't of Police*, 650 F. App'x 484, 486 (9th Cir. 2016).  On remand, the district court granted the renewed motions for summary judgment filed by Officer Stuber and the City of Red Lodge Police Department (the "City").  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ratcliff argues that the district court erred when, on remand, it exercised supplemental jurisdiction over his state law claims.  Before reaching this question, however, we must first decide whether Ratcliff waived this argument by failing, until now, to challenge the district court's exercise of supplemental jurisdiction.

**1.**     Unlike other bases of subject matter jurisdiction, the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 remains subject to "our normal rules of appellate procedure," including the waiver doctrine.  *See Kohler v. Inter-Tel Tech.*, 244 F.3d 1167, 1171 (9th Cir. 2001) (citation omitted).  Thus, a party waives an "objection to the district court's discretionary exercise of supplemental jurisdiction by failing to raise it in the district court."  *Id.*  Here, Ratcliff contends

---

[1]     *See Terry v. Ohio*, 392 U.S. 1 (1968).

that he raised the requisite objection in his opposition brief to Officer Stuber's renewed motion. But the portion of the brief on which Ratcliff relies only states:

> [Ratcliff] acknowledges that with the Ninth Circuit ruling and the manner in which Judge Molloy framed the § 1983 claim against the city, jurisdiction based on federal question may not exist. *If the Court finds that it no longer has original jurisdiction and declines supplemental jurisdiction, [Ratcliff] requests the Court dismiss the Complaint without prejudice, as has been the practice in this District.*

(Emphasis added.) This passage is plainly not an objection to the district court's exercise of supplemental jurisdiction, but rather conveys Ratcliff's preference for a dismissal without prejudice *in the event* the court declines to exercise such jurisdiction. Accordingly, we hold that Ratcliff waived his right to object to the district court's exercise of supplemental jurisdiction.

**2.** Even assuming that Ratcliff preserved his objection, his appeal still fails. While we consider de novo the question of whether the district court *had* subject matter jurisdiction, "[w]e review the district court's decision to exercise supplemental jurisdiction for an abuse of discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (citations omitted).

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Notwithstanding the permissive language in

§ 1367, Ratcliff contends that the district court erred when it chose to exercise this jurisdiction.

As an initial matter, Ratcliff is incorrect that, at the time the district court exercised supplemental jurisdiction over Ratcliff's state law claims, it had already dismissed all of his federal claims. This case is analogous to *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082 (9th Cir. 2000). There, when faced with the same argument now pursued by Ratcliff, we explained that "[a]fter having granted qualified immunity to the officers, the district court retained jurisdiction over the § 1983 claims against the police departments." *Id.* at 1088 n.4. "The court granted summary judgment as to these latter federal claims *at the same time* that it granted summary judgment on most of the state law negligence claims – in the August 10, 1998 order." *Id.* (emphasis added). "Thus, the court was not exercising jurisdiction over most state law claims after having disposed of the federal claims." *Id.* The same is true here. On June 21, 2016, on remand, the district court dismissed Ratcliff's federal claims against Officer Stuber. At that time, it had not yet dismissed Ratcliff's § 1983 claim against the City. Instead, it did not dismiss that claim until October 20, 2016, in the same order in which it dismissed Ratcliff's remaining state law claims.

In any event, "a federal district court with power to hear state law claims has discretion to keep, or to decline to keep, them under the conditions set out in § 1367(c) . . . ." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). This discretion should be informed by the values of "economy, fairness, and comity." *Munger*, 227 F.3d at 1088 n.4 (quoting *Acri*, 114 F.3d at 1001). The district court, noting that the case had been pending in federal court for over four years and invoking considerations of judicial economy, did not abuse its discretion in exercising supplemental jurisdiction over Ratcliff's state law claims.

The judgment of the district court is

**AFFIRMED.**